UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

TYRONE CHRISTOPHER JONES, JR.,

        Plaintiff,

      v.                                                             Case No. 25-cv-0668-bhl

JOHN DOES,

        Defendants.

─────────────────────────────────────────────

## SCREENING ORDER

─────────────────────────────────────────────

      Plaintiff Tyrone Christopher Jones, Jr., who is currently serving a state prison sentence at the Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Jones' motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

      Jones has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Jones has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $3.67. Jones' motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

According to Jones, on March 1, 2023, Jones showed Officer Ramirez that he had punctured his arm using a large piece of metal. Jones asserts that Ramirez walked away. He states that he and other inmates had to shout and kick for fifteen minutes before he was attended to. Apparently, the injury was so significant that Jones had to be transported to the hospital. Dkt. No. 1 at 2.

Jones asserts that after he returned from the hospital, Officer Hoffman placed him in a cell that had fecal matter from the previous inmate. He states that he notified multiple officers. Although Jones asserts that he was ignored, he acknowledges that an inmate worker cleaned his cell. According to Jones, the inmate worker did not adequately clean the cell, so after Jones complained, corrections officers cleaned the area completely. Jones explains that he complained to Warden Stevens and Rozmarynoski about these issues. He believes this happened because of his "speaking out on wrongdoings" and his mental health needs. Dkt. No. 1 at 3.

### THE COURT'S ANALYSIS

Although Jones names only "John Does" in the caption of his complaint, his complaint makes allegations against Officer Ramirez based on his failure to adequately respond to Jones' self-inflicted injury and against the officers who did not immediately respond to his requests that his cell be cleaned. The Court will address both of these potential claims in turn.

Regarding Jones' claim against Ramirez, the Eighth Amendment "protects prisoners from prison conditions that cause the wanton and unnecessary infliction of pain, including . . . grossly inadequate medical care." *Gabb v. Wexford Health Sources, Inc*., 945 F.3d 1027, 1033 (7th Cir.

3

2019) (quoting *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014)) (internal quotations omitted). The Court uses a two-part test to evaluate whether a person's response to a prisoner's medical needs amounts to cruel and unusual punishment; it asks: 1) "whether a plaintiff suffered from an objectively serious medical condition" and 2) "whether the individual defendant was deliberately indifferent to that condition." *Id*. (quoting *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016) (en banc)). With this standard in mind, Jones may proceed on a deliberate indifference claim against Ramirez based on allegations that Ramirez walked away after observing Jones with a significant arm injury that ultimately required treatment at the hospital.

Jones does not, however, state a claim against the officers who failed to immediately drop everything to respond to Jones' demands that the cell be cleaned. Jones' allegations that his demands were ignored are undercut by his acknowledgment that inmate workers arrived to clean his cell. The only reasonable inference is that in response to Jones' demands, officers arranged for the cleaning of the cell, a process that understandably may have taken some time to arrange. Jones does not clarify how long he had to wait for his cell to be cleaned, and the Court will not speculate on this point. Jones further acknowledges that, after inmate workers failed to adequately clean the cell, officers completely cleaned the area. These allegations do not suggest that officers were deliberately indifferent to the conditions of Jones' cell.

In any event, a claim premised on the conditions of Jones' cell is not properly joined in the same action with a claim premised on Ramirez's alleged deliberate indifference to Jones' self-inflicted injury. While multiple claims against a single party are fine, a plaintiff cannot bring unrelated claims against different defendants in the same case. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (joinder of multiple defendants in one case "is limited to claims

arising from the same transaction or series of related transactions"). Accordingly, to the extent Jones wants to pursue claims based on the conditions of his cell, he will have to do so in a separate case. The Court reminds Jones that he will be required to pay the filing fee for every case he files.

Finally, Jones does not state a claim based on his unsupported belief he was ignored because he has complained about wrongdoing and has mental health issues. To plead a retaliation claim, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015). Jones does not include factual allegations from which the Court can reasonably infer that Ramirez knew about Jones' complaints, let alone that Jones' alleged complaints motivated Ramirez to act in the manner Jones alleges. Accordingly, Jones does not state a retaliation claim against Ramirez.

**IT IS THEREFORE ORDERED** that Jones' motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the clerk's office will update the caption to replace the John Doe placeholder with CO Ramirez.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Jones' complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on CO Ramirez.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, CO Ramirez shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Jones is located.

**IT IS FURTHER ORDERED** that the agency having custody of Jones shall collect from his institution trust account the $346.33 balance of the filing fee by collecting monthly payments from Jones' prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Jones is transferred to another institution, the transferring institution shall forward a copy of this Order along with Jones' remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>  Office of the Clerk
>  United States District Court
>  Eastern District of Wisconsin
>  362 United States Courthouse
>  517 E. Wisconsin Avenue
>  Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Jones is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Jones may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on August 6, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge