UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TYRONE CHRISTOPHER JONES, JR.,

      Plaintiff,

      v.                            Case No. 25-cv-0668-bhl

JOSELUIS RAMIREZ,

      Defendant.

---

## DECISION AND ORDER

---

Plaintiff Tyrone Jones, Jr., who is incarcerated at the Waupun Correctional Institution, is representing himself in this 42 U.S.C. §1983 action and proceeding on an Eighth Amendment claim arising from a March 1, 2023 incident in which he inserted metal from an eyeglass rim into his arm. On June 3, 2026, Defendant Joseluis Ramirez filed a motion for summary judgment. Dkt. No. 31. For the reasons explained below, the Court will grant the motion and dismiss this case.

### BACKGROUND

At the relevant time, Jones was an inmate at the Green Bay Correctional Institution where Ramirez worked as a correctional officer. On March 1, 2023, Jones was housed in the 300-wing of the restricted housing unit, and Ramirez was scheduled to work on the 400-wing. Ramirez explains that, unless he was called to help with an escort on another wing, he would not have left his assigned wing. According to Jones, at some point in the evening, he started asking other inmates if they had something sharp that would "cut real good." Jones asserts that an inmate offered up his glasses, telling Jones he could take the metal out of the frame. Jones asserts that, after getting the glasses from the other inmate, he removed the metal and stabbed it through his arm. He states that he told himself it did not hurt. Dkt. No. 33 at ¶¶1-2; 21-22; Dkt. No. 40 at 2.

At about 9:15 p.m., officers placed another inmate into a cell on the 300-wing. Jones asserts that the inmate was fighting and refusing to be placed into the cell. He states that multiple officers, including Ramirez, were present. Ramirez has no recollection of being on the 300-wing that night, and records do not indicate that he was ever on the wing. Jones explains that he

recognized Ramirez and, based on prior conversations, believed that he was someone he could talk to. Jones asserts that he showed Ramirez his arm, and Ramirez asked a question along the lines of "what did you do?" Jones asserts that he shrugged his shoulders, and Ramirez said something to another officer, but he received no response because the officers were focused on the other inmate. Jones asserts that a few minutes later he remembered that he was in pain and began to yell for help. At this point, the officers were down the hall, and Jones speculates that they may not have heard him. He states that other inmates joined him in yelling for help. Dkt. No. 33 at ¶25; Dkt. No. 40 at 2.

At 9:30 p.m., about fifteen minutes after officers placed the other inmate in his cell, a standing count was conducted, at which time an officer notified his supervisor that Jones had self-harmed. Less than ten minutes later, Jones was removed from his cell and transported to the health services unit, where a provider decided that Jones should be sent to the emergency room for treatment. Jones informed the provider that he did not remember placing the metal into his skin, and he refused to let her touch it. He did not report any pain, stating only that he felt pins and needles. After Jones was strip searched and placed in travel restraints, he was transported to the hospital, where the wire was removed and the wound cleaned and bandaged. Jones was discharged from the hospital at 11:27 p.m. and taken back to the institution. Dkt. No. 33 at ¶¶27-50.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an

element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted).

## ANALYSIS

Jones asserts that Ramirez violated the Eighth Amendment when he failed to immediately obtain help after Jones showed him that he had injured himself. The Eighth Amendment's proscription against "unnecessary and wanton infliction of pain" is violated when prison officials demonstrate "deliberate indifference to serious medical needs" of prisoners—whether the indifference "is manifested by prison doctors in response to prison needs or by prison guards in intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The Court uses a two-part test to evaluate whether medical care amounts to cruel and unusual punishment; it asks: 1) "whether a plaintiff suffered from an objectively serious medical condition" and 2) "whether the individual defendant was deliberately indifferent to that condition." *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019) (quoting *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016)). "A delay in treatment may show deliberate indifference if it exacerbated the inmate's injury or unnecessarily prolonged his pain." *Perez v. Fenoglio,* 792 F.3d 768, 777–78 (7th Cir. 2015) (emphasis added); *see also McGowan v. Hulick,* 612 F.3d 636, 640 (7th Cir. 2010); *Grieveson v. Anderson,* 538 F.3d 763, 779 (7th Cir. 2008); *Williams v. Liefer,* 491 F.3d 710, 715–16 (7th Cir. 2007).

The parties dispute whether Ramirez was present on Jones's wing on the day in question, but even assuming he was, Ramirez is entitled to summary judgment because no jury could reasonably conclude that Jones was harmed by the brief delay caused by Ramirez's failure to act after Jones showed him his injury. According to Jones, at 9:15 p.m. he showed Ramirez his arm and shrugged when Ramirez asked him what he had done. Jones did not tell Ramirez that he was in pain, and he did not further injure himself. About fifteen minutes later, at 9:30 p.m., an officer called for help, and when Jones interacted with a provider about ten minutes later, he reported only that he felt pins and needles—he did not report that he was feeling any pain and his self-inflicted wound was unchanged. The wire that Jones put into his own arm was later removed without incident. Based on these facts, no jury could reasonably conclude that the fifteen-minute delay between Jones showing his arm to Ramirez and another officer calling for help exacerbated Jones's injuries or prolonged his pain. Accordingly, the delay did not violate the Eighth Amendment and Ramirez is entitled to summary judgment. *See Petties*, 836 F.3d at 730-31.

3

**CONCLUSION**

**IT IS THEREFORE ORDERED** that Ramirez's summary judgment motion (Dkt. No. 31) is **GRANTED** and this case is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that Ramirez's motion for leave to file an untimely reply (Dkt. No. 41) is **DENIED**.

Dated at Milwaukee, Wisconsin on July 28, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.